### JOHN SIMMONS CO. v. SHATTUCK.

(City Court of New York, Special Term. September, 1907.)

TRIAL—SPECIAL CALENDAR—IMPROPER NOTICE.

    Since Code Civ. Proc. § 324, authorizes the justices of the New York City Court to appoint the time of holding Trial Terms, and rule 1 of that court provides that no Trial Term shall be held during September, with a certain exception, a case not within the exception is improperly noticed for trial in September under rule 2, providing that a cause may be placed on the special calendar where a note of issue has been filed and the cause noticed for trial.

Action by the John Simmons Company against Edward L. Shattuck. Plaintiff moves to place the cause on special calendar under rule 2 of the City Court of New York. Motion denied, with leave to renew.

Henry W. Sykes, for plaintiff.

Thos. C. Patterson, for defendant.

WADHAMS, J. An action may be placed on the special calendar, under rule 2 of the rules of the City Court of the city of New York, where a note of issue has been filed and the cause noticed for trial. The defendant contends that the cause has not been properly noticed for trial, and that therefore the motion is premature. A paper purporting to be a notice of trial was served, which gives notice that the issue of fact will be brought to trial and an inquest taken at a Trial Term appointed to be held "on the 16th day of September, 1907, at 10 o'clock in the forenoon of that day, or as soon thereafter as counsel can be heard." Section 324 of the Code of Civil Procedure provides:

"The justices of the court, or a majority of them, from time to time must appoint and may alter the time of holding Special and Trial Terms of the court."

Pursuant to the statute the court have appointed the Trial Terms by the adoption of the rules of the City Court. Rule 1 is entitled "Trial Terms," and, after providing that each Trial Term shall begin on the first Monday of the month, continues: "No Trial Term shall be held during the months of July, August and September," except as hereinafter prescribed. The exception refers to "marine cases and certain cases where a speedy trial is required in furtherance of justice." There is no contention that this case is within their exception. It is therefore clear that no Trial Term was appointed for September, and that this action was therefore improperly noticed for trial.

Motion denied, with leave to renew upon service of proper notice of trial. No costs.